UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AARON CHRISTOPHER JOHNSON          PLAINTIFF

v.              CIVIL ACTION NO. 3:13CV-828-S

DORIS KIRKLAND *et al.*              DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Aaron Christopher Johnson filed the instant *pro se* action. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

**I.**

Plaintiff filed his complaint on a court-approved form for filing an action under 42 U.S.C. § 1983. Plaintiff sues Doris Kirkland and Junie Kirkland. Plaintiff states that he traveled to Indianapolis, Indiana and got arrested in Indiana. He had a "150 John way 2008 bike" when he was arrested. He states that he had his wife call his aunt, Defendant Doris Kirkland, and ask her to pick up the bike and put it in her garage until he got out of jail. Plaintiff reports that Defendant Doris Kirkland went and got the bike a month later with her son Defendant Junie Kirkland, and Junie Kirkland put the bike in storage. Plaintiff states that he got out of jail after 90 days and some time later asked his cousin Defendant Junie Kirkland to return the bike. He contends that Defendant Junie Kirkland has not returned the bike and "that turned in to theft." He states that he has had to walk where there is no bus service causing him pain and suffering. As relief, Plaintiff demands $3,000.00 in compensatory damages.

**II.**

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. The first is through federal question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

*Federal question jurisdiction*

In the present case, Plaintiff has not established federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's complaint is devoid of any factual allegations that would establish any federal cause of action against Defendants. While Plaintiff filed the complaint on a 42 U.S.C. § 1983 complaint form, it is clear from the allegations that § 1983 does not apply to his claims.

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

First, Plaintiff has not stated that he was deprived of any federal statutory or constitutional right. Secondly, neither Defendant is an employee or official of any state or municipal government or was acting under color of state law in allegedly not returning Plaintiff's bike. Plaintiff has therefore failed to establish federal-question jurisdiction.

*Diversity jurisdiction*

Additionally, Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332. To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. While it appears that Plaintiff is a resident of Kentucky and Defendants are residents of Indiana, the amount of damages alleged in the complaint, $3,000, does not exceed $75,000, as is required to establish diversity jurisdiction.

**III.**

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date: September 27, 2013

                                                  **Charles R. Simpson III, Senior Judge**
                                                  **United States District Court**

cc:    Plaintiff, *pro se*
        Defendants
4411.010